# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Darrin LaPine,

                Plaintiff,      Case No. 21-51013

v.                        Judith E. Levy
                        United States District Judge

Collrin, *C/O*

                        Mag. Judge Elizabeth A. Stafford

                Defendant.

_____/

## ORDER DISMISSING PLAINTIFF'S COMPLAINT AS FRIVOLOUS AND FOR FAILURE TO SEEK LEAVE TO FILE PAPERS AS AN ENJOINED FILER [1]; AND DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS [2]

On April 23, 2021, the honorable Judge Stephen J. Murphy enjoined Plaintiff Darrin LaPine "from filing any new action in this Court without first obtaining leave." (*LaPine v. Booth*, No. 21-10698, ECF No. 6, PageID.35.) Judge Murphy did so because, at the time, Plaintiff had "at least four prior civil rights complaints [] dismissed . . . because the claims were frivolous, malicious, or the filings failed to state a claim upon which relief could be granted," and he "likewise ha[d] since been denied permission [at least four] times to proceed in forma pauperis . . . based

on these prior dismissals." (*Id.* at PageID.31.) Judge Murphy directed that, upon Plaintiff's filing of any new complaint, "the complaint will be reviewed for merit by a U.S. District Judge. If the complaint is determined to assert an intelligible, non-frivolous claim, the Clerk's Office shall assign the complaint to a randomly selected Judge; otherwise, the complaint shall be dismissed." (*Id.* at PageID.35)

On July 12, 2021, Plaintiff filed a *pro se* complaint against Correctional Officer Collrin, whom he accuses of "harassing and making threats toward" him. (ECF No. 1, PageID.2.) Plaintiff also filed an accompanying application to proceed without prepaying fees or costs. (ECF No. 2.) Plaintiff did not follow Judge Murphy's Order to request leave to file his complaint, and he did not otherwise identify himself as an enjoined filer. However, the Clerk's Office flagged his complaint as such. (ECF No. 1-1.)

Since being enjoined approximately four months ago, Plaintiff has filed at least one other complaint that has been dismissed as frivolous pursuant to the injunction. (*LaPine v. Booth*, No. 21-50817, ECF No. 3, PageID.27. ("The present case demonstrates why the injunction is a necessary and appropriate limitation on LaPine's access to this court.")

2

Thus, even if the injunction itself did not put Plaintiff on notice that he must request leave from the Court before filing new petitions, he was certainly on notice after his most recent rejected filing.

Because Plaintiff did not first request leave of the Court, his complaint will be dismissed. The Sixth Circuit has repeatedly held that district courts may enjoin "vexatious litigants" from filing further actions without first obtaining leave of court. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("[W]e see nothing wrong . . . with an order that . . . places limits on a reasonably defined category of litigation because of a recognized pattern of repetitive, frivolous, or vexatious cases within that category."); *See also Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). An enjoined filer's failure to request leave to file a complaint is sufficient, all on its own, to reject the complaint. *See Stanley v. United States Dept. of Justice*, No. 19-50967, 2021 WL 2823101, at *1 (E.D. Mich. July 6, 2021) ("Because Stanley failed to follow the directions by previously-filed orders [] to seek permission [to file the petition], the Court denies any requested relief.")[1]

---

[1] Additionally, were the Court to review the substance of Plaintiff's complaint pursuant to Judge Murphy's Order, the Court would reject the complaint as frivolous

3

Accordingly,

IT IS ORDERED that Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is DENIED;

It IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED (ECF No.1) and this Miscellaneous Action is CLOSED;

IT IS SO ORDERED.

Dated: August 11, 2021              s/Judith E. Levy
     Ann Arbor, Michigan          JUDITH E. LEVY
                               United States District Judge

---

and meritless. Plaintiff accuses Collrin of slamming a cell door into him and then threatening him in "retaliation" and "an attempt to cover up the assault made upon [Plaintiff] and for [Plaintiff's] protected conduct." (ECF No. 1, PageID.2-3.) Plaintiff attaches to his complaint an incident report, written by Collrin and described by Plaintiff as "fabricated," which recounts a similar incident but in which Plaintiff yells at Collrin instead of the other way around. (*Id.* at PageID.4.) Plaintiff also attaches to the complaint an affidavit from prisoner Mark Eldridge, who describes the same encounter but contradicts Plaintiff's account by reporting that neither Collrin nor Plaintiff "said anything from [the] cell while C/O Collrin was at the cell door," but that after "LaPine exited the cell and moved down the hallway about 10 feet, C/O Collrin proceeded to tell LaPine what he needed to do, and that he better watch what he was doing." (*Id.* at PageID.5.)

     Faced with three different sets of facts to describe the same encounter, and with an unintelligible request for relief, the Court would conclude that Plaintiff has failed to file an "intelligible, non-frivolous claim." (No. 21-10698, ECF No. 6, PageID.35.)

4

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 11, 2021.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager

5